FILED

07 MAR 28 AM II: 10

U.S. DISTRICT COURT
W.D.N.Y.-BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HENRY VAN VUGT,

        Plaintiff,

    -v-                                07-CV-0165S
                                         **ORDER**

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

      Plaintiff Henry Van Vugt has submitted to the court a complaint, along with an affirmation of poverty, and seeks permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (Docket No. 2).

      After reviewing plaintiff's affirmation, the Court finds that plaintiff has failed to put forth sufficient indications of indigency, and therefore permission to proceed in forma pauperis is denied. Plaintiff's application states that his gross monthly income is at least $2040.00 per month. He notes he is presently employed and that his "Gross Monthly Wages" are $ 2040.00, and that he has a pension from DuPont which pays him $ 1400.00 per month. He states there is no one financially dependent on him. Even if his total gross monthly "income," including both his monthly wages and pension, is $ 2040.00, not $3,440.00, the Court would nonetheless deny the application to proceed in forma pauperis based on plaintiff's failure to show indigency. See Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir.

1988).[1]  Plaintiff has until **April 30, 2007** to pay the filing fee of $ 350.00.  In the event that plaintiff does not pay the filing fee or otherwise seek relief from this order by **April 30, 2007**, the Clerk of the Court is directed to close this case as dismissed without prejudice without further order of the Court.

**SO ORDERED.**

                                    s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                                    United States District Judge

Dated:     March 27, 2007
           Rochester, New York

---

[1] "The district court's decision that Sears was not indigent, and therefore that he was not entitled to proceed in forma pauperis, was not erroneous. Sears estimates his net income at approximately $20,000. We cannot say that the district court erred in holding that Sears did not establish indigence. Although section 1915 does not require a party to prove destitution, Sears has not demonstrated the poverty found in cases, such as *Potnick [v. Eastern State Hospital*, 701 F.2d 243 (2d Cir. 1983), that have granted in forma pauperis status." *Sears*, 865 F.2d at 23.